UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIJAH LEE HAWTHORNE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2164** |
| **GARY BEHAM, ET AL.** | **SECTION: "C"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Elijah Lee Hawthorne, III, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Detective Gary Beham, Detective Steward Murphy, Sheriff Daniel Edwards, The Daily Star newspaper, and A.G. Gentry of WABL radio. In this lawsuit, plaintiff asserts claims for illegal search and seizure and the dissemination of inaccurate news reports of his arrest and prosecution for homicide.

A Spears hearing was held on June 6, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

As part of a homicide investigation, law enforcement officers collected DNA samples from plaintiff and then later performed a warrantless search his house, taking shoe strings, work boots, sweatshirts, a pocket knife, a cap, and sales receipts. Plaintiff was subsequently arrested for first degree murder and is scheduled to be arraigned on that charge on June 21, 2006.

Plaintiff also claims that The Daily Star newspaper and A.G. Gentry of WABL radio disseminated inaccurate news reports regarding plaintiff's arrest and prosecution.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[3] Rec. Docs. 1 and 2.

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff's claims against the law enforcement officials are ones for illegal search and seizure, i.e. the taking of DNA evidence from plaintiff and the warrantless search and seizure of items from his home. Those claims must be considered in conjunction with the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court stated in pertinent part:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). The Supreme Court observed that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. The Heck prohibition applies with equal force when the plaintiff is facing pending criminal charges if "a judgment in favor of plaintiff would necessarily imply the invalidity of a *subsequent* conviction or sentence." Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (emphasis added). "A § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." Id. at 102.

It is indisputable that at least some illegal search and seizure claims are not barred by Heck, in that the Supreme Court expressly said as much when giving an example of a type of claim that would not fall within the Heck prohibition:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Heck, 512 U.S. at 487 n.7. However, the precise meaning of that comment has been the subject of some dispute, as noted by the Ninth Circuit Court of Appeals in Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000):

> There is a split in the circuits as to how Heck's footnote seven should be interpreted.  The Seventh, Eighth, Tenth and Eleventh Circuits have held that footnote seven creates a general exception to Heck for § 1983 Fourth Amendment unreasonable search and seizure claims.  *See, e.g.*, Beck [v. City of Mukogee Police Dep't, 195 F.3d 553, 559 n. 4 (10th Cir. 1999)] (noting that "use of illegally obtained evidence does not, for a variety of reasons, necessarily imply an unlawful conviction," with the caveat, however, that the case before it was not one of those "rare situation [s] ... where all evidence was obtained as a result of an illegal arrest"); Copus v. City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998) (interpreting Heck's footnote seven to "mean that Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward"); Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996) (holding that "[b]ecause harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action challenging his confession will not necessarily demonstrate the invalidity of his conviction"); Datz v. Kilgore, 51 F.3d 252, 253 n. 1 (11th Cir. 1995) (holding that Heck did not bar Datz's § 1983 unlawful search claim "because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error").
> On the other hand, the Second and Sixth Circuits have held that a § 1983 Fourth Amendment claim alleging illegal search and seizure does not accrue under Heck until the criminal charges have been dismissed. *See, e.g.*, Shamaeizadeh [v. Cunigan, 182 F.3d 391, 399 (6th Cir. 1999)]; Woods v. Candela, 47 F.3d 545, 546 (2d Cir.1995); *cf.* Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir.1995) (staying § 1983

proceedings until criminal proceeding had run its course to allow a determination of what evidence was presented at the criminal trial: "[I]f he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his [allegedly unlawful] arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction.").

Harvey, 210 F.3d at 1015. The Ninth Circuit then concluded:

> We believe that the Second and Sixth Circuits have taken the better approach and therefore hold that a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the Heck Court's objectives of preserving consistency and finality, and preventing "a collateral attack on [a] conviction through the vehicle of a civil suit." *See* Heck, 512 U.S. at 484-85, 114 S.Ct. 2364.

Id.

The preferability of that approach is readily apparent when considered in the context of the facts of the instant case. Plaintiff is still awaiting trial on the murder charge. At this point, the possibility exists that the challenged evidence will be introduced at plaintiff's trial. In fact, the possibility exists that plaintiff will subsequently be convicted using only the challenged evidence and that such evidence would not be otherwise admissible if the searches and seizures were improper. If prior to conviction a federal court rules that the searches and seizures were indeed unconstitutional, that ruling would necessarily imply the invalidity of such a subsequent conviction based solely on that evidence. Therefore, this Court finds that Heck bars plaintiff from bringing his illegal search and seizure claims until he has received a favorable termination of his criminal proceedings.

In summary, this Court finds that Heck currently bars plaintiff's claims for illegal search and seizure. Accordingly, as to those claims, dismissal with prejudice until the Heck conditions are met

is a proper disposition.[5]  See, e.g., Stanley v. Stuart, 89 Fed. App'x 481 (5th Cir. 2004); Hall v. Lorenz, 48 Fed. App'x 481 (5th Cir. 2002).

Plaintiff has also named as defendants The Daily Star newspaper and A.G. Gentry of WABL radio, asserting that the media defendants disseminated inaccurate news reports regarding his arrest and prosecution.  These claims against these defendants fail for at least two reasons.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983.  The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).  Plaintiff's claims are deficient in both respects.

First, plaintiff's claims against the media defendants do not involve the deprivation of a federal right.  Neither slander nor defamation is a constitutional tort cognizable in an action brought pursuant to 42 U.S.C.§ 1983.  Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001); Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003); Lee v. Morial, Civil Action No. 99-2952, 2000 WL 726882, at *6 n.4 (E.D. La. June 2, 2000).

---

[5] This dismissal does not preclude plaintiff from raising § 1983 claims in a later lawsuit if he subsequently receives a favorable termination of the criminal charges.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Second, even if plaintiff's claim were otherwise actionable, the media defendants are not state actors.  See, e.g., Griggs v. Sun, No. 3-03-CV-0419-R, 2003 WL 21649965 (N.D. Tex. Mar. 31, 2003); DeBauche v. Virginia Commonwealth University, 7 F. Supp. 2d 718, 724 (E.D. Va. 1998), aff'd, 191 F.3d 499 (4th Cir. 1999); Wellman v. Williamson Daily News, Inc., 582 F. Supp. 1526 (S.D. W. Va. 1984), aff'd, 742 F.2d 1450 (4th Cir. 1984).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Detective Gary Beham, Detective Steward Murphy, Sheriff Daniel Edwards be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's claims against The Daily Star and A.G. Gentry be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_\_12th\_\_\_\_ day of June, 2006.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**